IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY PAUL KARR,

    Petitioner,

v.                                        CASE NO. 5:11-cv-347-MP-GRJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT & RECOMMENDATION

    Petitioner, an inmate in federal custody proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons discussed below, the undersigned recommends that the petition be **DISMISSED.**

    Petitioner, who is serving a life sentence, challenges only the restitution portion of his sentence. Petitioner claims that the sentencing court violated the Ex Post Facto clause of the Constitution by calculating his restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA") rather than the Victim and Witness Protection Act of 1982 because his alleged crimes were committed prior to the effective date of the MVRA. On August 17, 2000, Petitioner was ordered to pay $543,665.42 in restitution. (Doc. 1.)

    Petitioner admits in his Petition that his claim is not cognizable in a § 2255 petition. *See, e.g., Mamone v. United States*, 559 F.3d 1209 (11th Cir. 2009) (concluding that § 2255 is an inappropriate vehicle to challenge the restitution part of a sentence, even if coupled with a claim seeking release from custody). However, the

Eleventh Circuit has also held that "habeas corpus cannot be used to challenge just the restitution part of a sentence when the custody supporting our jurisdiction is actual imprisonment." *Arnaiz v. Warden,* 594 F.3d 1326, 1330 (11th Cir. 2010) (holding that a prisoner cannot collaterally attack just the restitution part of a sentence by way of a § 2241 habeas corpus petition). Accordingly, because Petitioner is in custody and seeks a writ under § 2241 to obtain relief only from the restitution part of his sentence he is foreclosed from pursuing such relief based upon clearly established Eleventh Circuit precedent.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 15th day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.